MARY PULL, PLAINTIFF, v. GEORGE NAGLE, AS EXECUTOR OF THE ESTATE OF PAUL B. STETKA, DECEASED, DEFENDANT.

Submitted May term, 1931—Decided September 28, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, *James A. Major* and *William George.*

*Contra, John H. Sheridan.*

PER CURIAM.

This was a suit to recover from the estate of a deceased' attorney the loss to the plaintiff through his investment of her funds in second and subsequent mortgages instead of first mortgages.

There is nothing in the record to show either a verdict or judgment.

The rule to show cause allowed to defendant assumes a verdict in favor of the plaintiff and the plaintiff below calls this to our attention but apparently makes no point of it.

We are asked to set aside such assumed verdict—

1. Because of error in the trial court refusing to nonsuit or direct a verdict in favor of the defendant.

We think this is without substance. There were proofs warranting submission of this point to the jury.

2. Because it was error to refuse to nonsuit and to direct a verdict upon the ground that the plaintiff had ratified the action of defendant's decedent.

For the reasons previously expressed we think there was no error in this action.

3. The trial court erred in admitting the evidence of one Kappes respecting conversations with the defendant's decedent because Kappes was the attorney of record for the plaintiff.

This is without substance. There is nothing making the testimony of such a witness incompetent. It may be subject to severe scrutiny, &c., by the jury but is not incompetent.

4. Error in striking out first and fourth counts of complaint.

We think it simply went to the question that the plaintiff had not presented her sworn account to the estate of the defendant. This did not bar her from her action which was not for an ordinary debt but for damages for negligence, &c., of an attorney.

5. The verdict was against the weight of evidence.

This we do not find to be so.

The rule should be discharged, with costs.